# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/25/2026
CT Log Number 551474411

## Service of Process Transmittal Summary

**TO:**   LEGAL DEPARTMENT - SOP
Tesla, Inc.
1501 PAGE MILL RD
PALO ALTO, CA 94304-1126

**RE:**   **Process Served in California**

**FOR:**   Tesla, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WONDAFRASH GEBREYES GEBREMEDIHEN, an individual // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | First Amended Complaint and Demand, Summons(es), Cover Sheet, Attachment(s), Addendum and Statement, Notice, Complaint and Demand |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Torrance, CA<br>Case # 25TRCV04363 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/26/2025 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/25/2026 at 14:44 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | MaryBeth LippSmith<br>LIPPSMITH LLP<br>555 S. Flower Street, Suite 3000<br>Los Angeles, CA 90071<br>213-344-1820 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/26/2026, Expected Purge Date: 03/03/2026<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Feb 25, 2026
**Server Name:**                             Jimmy Lizama

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | 25TRCV04363 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



Electronically Received 02/23/2026 11:32 AM

FILED
Superior Court of California
County of Los Angeles
02/23/2026
David W. Slayton, Executive Officer / Clerk of Court
By: _____ M. Rayon _____ Deputy

MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 3000
Los Angeles, California 90071
Tel: (213) 344-1820
Fax: (213) 513-2495

Jonathan B. Ambaye (SBN 289970)
jonathan@jonathanambaye.com
**LAW OFFICE OF JONATHAN B. AMBAYE**
360 E. 2nd Street, Suite 800
Los Angeles, California 90012-4607
Tel: (323) 902-7247

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – TORRANCE COURTHOUSE

| | |
|---|---|
| WONDAFRASH GEBREYES GEBREMEDIHEN, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>TESLA, INC., a Texas corporation; and DOES 1 through 50, inclusive,<br><br>*Defendants.* | Case No. 25TRCV04363<br>Assigned to Dept.:  P<br>Hon. David K. Reinert<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: December 23, 2025<br>Trial Date: None set. |

1

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## FIRST AMENDED COMPLAINT

Plaintiff WONDAFRASH GEBREYES GEBREMEDIHEN ("Plaintiff"), brings this complaint against TESLA, INC. ("TESLA" or "Defendant"). The allegations contained in this complaint are based on Plaintiff's personal knowledge, due investigation, and, where indicated, upon information and good faith belief.

### PARTIES

1.      Plaintiff is a resident of Los Angeles County, California.

2.      Defendant TESLA, INC. is a Texas corporation operating in and under the laws of the State of California and conducting business throughout California. Plaintiff alleges that TESLA's principal place of business is in the State of California because its nerve center has always been and remains in the State of California.

3.      TESLA's hardware and software engineering headquarters are located in Palo Alto, California, in Santa Clara County.

4.      Plaintiff is informed and believes, and thereon alleges, that TESLA relocated its headquarters to Texas for tax purposes, but a far greater amount of corporate decision-making and control occurs in California than in Texas. It appears that very little corporate decision-making happens in Texas, other than annual shareholder meetings.

5.      Plaintiff is informed and believes, and thereon alleges, that TESLA manufactured, sold, and warranted the Tesla Model Y in California, including the subject 2025 Tesla Model Y owned by Plaintiff GEBREMEDIHEN (bearing VIN 7SAYGDED9SF276024) involved in this case, and/or TESLA's agents, divisions, or subsidiaries designed, manufactured, and installed all the systems in the Tesla Model Y including all systems responsible for acceleration, braking, steering, collision avoidance, occupant crash protection, and vehicle fire prevention.

6.      Plaintiff is informed and believes, and thereon alleges, that TESLA manufactured the subject 2025 Tesla Model Y with VIN 7SAYGDED9SF276024 at its plant in Fremont, California, and that significant portions of the design and engineering of the subject vehicle, including, but not limited to, its software programming and physical components, were also performed in California.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

7.    TESLA has regularly conducted, and continues to conduct, business throughout the United States and the State of California by and through its duly-authorized divisions, subdivisions, agents, servants, and employees and is specifically engaged in the business of designing, engineering, developing, manufacturing, formulating, fabricating, assembling, equipping, testing, inspecting, approving, repairing, labeling, advertising, promoting, marketing, packaging, supplying, warrantying, distributing, wholesaling, and/or selling Tesla vehicles and the component parts of Tesla vehicles, including the subject 2025 Tesla Model Y (bearing, VIN 7SAYGDED9SF276024) which crashed and caused catastrophic injuries to Plaintiff.

8.    At all times alleged herein, TESLA marketed its products through the State of California with an understanding that its products would be used throughout the State of California.

9.    The true names and capacities of Defendants Does 1 through 50 are unknown to Plaintiff. Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained. Each of the Defendants herein was the agent, joint venturer, or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting in the course and scope of said agency, employment, or joint venture with advance knowledge of, acquiescence in, or subsequent ratification of the acts of each and every other remaining Defendant. Each of Defendant Does 1 through 50 is responsible, legally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants, or employees, or in some other manner.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. Jurisdiction is conferred on this Court over Defendant because Defendant is a resident of the state of California and/or conducts business in the state of California. Jurisdiction is conferred on this Court as to all causes of action, as they arise under state statutory or common law.

11.    Venue is proper in this Court pursuant to California Code of Civil Procedure § 392 because Plaintiff resides in this County, Defendant resides in this County and/or conducts business in

3

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

this County, and because a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this County.

## FACTUAL ALLEGATIONS

12.     On September 26, 2025, at approximately 11:30 a.m., Plaintiff GEBREMEDIHEN was the sole occupant of the subject Tesla Model Y, VIN 7SAYGDED9SF276024, while it was traveling north on the I-405 San Diego Freeway just east of Inglewood Avenue in the City of Lawndale, County of Los Angeles. Plaintiff was driving for the transportation service, Uber, at all times alleged herein.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times alleged herein, the subject Tesla Model Y was operated in significant part by its internal computer system.

14.     The California Highway Patrol reports that the subject Tesla Model Y suddenly traveled through the #1 lane of the Inglewood Avenue exit at a high rate of speed and hit a freeway entrance sign in the concrete median. The Tesla Model Y then continued to cross the intersection of the freeway exit and Inglewood Avenue, to the left of traffic proceeding in the #1 lane, also at a high rate of speed, crashing into another sign and then a concrete wall. The subject Tesla Model Y then immediately burst into flames for a reason unknown at the time of the filing of this complaint.

15.     After the collision, good Samaritans attempted to render aid to Plaintiff, but the driver-side door of the subject Tesla Model Y could not be opened from the outside of the vehicle, trapping Plaintiff inside the burning vehicle. Another passerby was eventually able to smash open the driver-side window, and good Samaritans were able to extricate Plaintiff from the vehicle just prior to when the fire completely engulfed the vehicle.

16.     As a result of the subject collision and being trapped inside the subject Tesla Model Y, Plaintiff suffered catastrophic, life-threatening injuries, some of which are likely to be permanent injuries with lifelong effects.

17.     As a direct result of Defendant's negligent acts and omissions, and in violation of its duties owed to Plaintiff, Defendant proximately and legally caused, or contributed to causing, the severe and substantial injuries he suffered.

///

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

18.    The Tesla Model Y, including the subject vehicle, has no exterior door handles. The only way to open its doors from the outside is to engage buttons connected to an electrical system, relying entirely on low-voltage power. When that power is lost in a crash or fire, those exterior buttons become useless. And for the Tesla Model Y, the only way to manually open a front door is by a manual door release in front of the window switches on the inside of the vehicle. That door release cannot be utilized by an incapacitated driver or passenger, such as Plaintiff. Would-be rescuers then have no way to open the doors from the outside, potentially trapping occupants inside the vehicles.

19.    Based on information and belief, for more than a dozen years prior to the subject collision, TESLA had repeated and direct notice that its reliance on electronic door systems creates a serious and foreseeable risk of entrapment. Owners, bystanders, and first responders reported instances where Tesla occupants survived vehicle collisions but could not escape when electrical power failed and fire ensued. First responders further reported occasions where they were unable to save occupants because Tesla doors would not open once vehicle power was lost. Despite this knowledge, TESLA continued to design, market, and sell vehicles, including the Model Y, that predictably leave crash survivors trapped in foreseeable collisions.

20.    TESLA's failure to resolve or mitigate the technical and dangerous problems alleged herein was negligent and reckless, and it rendered the subject vehicle unreasonably dangerous and defective. Further, TESLA failed to provide adequate warnings or instructions of the danger posed by the subject vehicle, instead representing that its vehicles are safe.

21.    TESLA warrants that the Model Y is equipped with a rigid body to prevent intrusion into the passenger compartment, and that large, empty spaces at the front and rear operate as crumple zones to soften impacts, allowing advanced airbags to fully inflate and protect occupants.

22.    TESLA further warrants that in the case of damage, its battery packs are designed to spread heat away from the passenger cabin and battery to help prevent fires. TESLA claims that its batteries are designed to isolate a fire to select areas within the battery while venting heat away from the passenger cabin.

///

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

23.     If properly designed and manufactured, the subject Tesla Model Y and its structural components would have prevented the subject vehicle from catching fire and would not have trapped Plaintiff in the subject vehicle, causing his life-threatening and serious injuries.

### FIRST CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

**(Against all Defendants)**

24.     Plaintiff incorporates by reference each preceding and succeeding paragraphs as though fully set forth at length herein.

25.     Defendants TESLA and DOES 1 through 50, inclusive, designed, manufactured, researched, tested, assembled, installed, marketed, advertised, distributed, and sold a certain 2025 Tesla Model Y, bearing Vehicle Identification Number 7SAYGDED9SF276024 (hereinafter referred to as the "SUBJECT VEHICLE"). Defendants are both the "manufacturer" and "seller" of the SUBJECT VEHICLE.

26.     At the time the SUBJECT VEHICLE left the possession of Defendants TESLA and DOES 1 through 50, and each of them, it was in a defective condition, as that term is understood under California law, and it was unreasonably dangerous when used in a reasonably foreseeable manner. The SUBJECT VEHICLE constituted a defective product rendering Defendants, and each of them, strictly liable in tort.

27.     At all times relevant hereto, Defendants TESLA and DOES 1 through 50, and each of them, were engaged in the business of designing, developing, manufacturing, testing, engineering, approving, marketing, promoting, assembling, equipping, inspecting, repairing, labeling, fabricating, advertising, distributing, wholesaling, selling, and supplying automobiles and component parts of automobiles, including the SUBJECT VEHICLE, for use by the consuming public throughout the United States, including the State of California.

28.     At all times relevant hereto, the dangerous propensities of the SUBJECT VEHICLE were known to Defendants TESLA and DOES 1 through 50, and each of them, or were reasonably and scientifically knowable to them, through appropriate research and testing by known methods, at the time

6

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

they designed, developed, manufactured, tested, engineered, approved, marketed, promoted, advertised, distributed, and sold automobiles and component parts of automobiles to the consuming public, but which were not known to end users or consumers.

29.    At all times relevant hereto, Defendants TESLA and DOES 1 through 50, and each of them, knew that the SUBJECT VEHICLE would be operated and inhabited by consumers without inspection for defects.

30.    At the time of the subject collision described above, the SUBJECT VEHICLE was being used in a manner and fashion that was foreseeable by Defendants TESLA and DOES 1 through 50, and each of them, and in a way it was intended to be used.

31.    Defendants TESLA and DOES 1 through 50, and each of them, designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofitted or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the SUBJECT VEHICLE and its component parts and constituents, which was intended by TESLA to be used for the purpose of use as a passenger vehicle, and other related activities.

32.    The SUBJECT VEHICLE, its electronic door handles, and other component parts failed to meet the expectations of a reasonable consumer. Based on the representations of Defendants TESLA and DOES 1 through 50, and each of them, an ordinary consumer would have expected the SUBJECT VEHICLE and the systems and/or components described herein to have appropriately responded or operated to prevent or mitigate the subject collision and/or injuries arising therefrom.

33.    The SUBJECT VEHICLE was not reasonably safe because adequate warnings or instructions were not provided with the vehicle at the time of manufacture and sale. The likelihood that the vehicle would cause the harm described herein or similar harms, and the seriousness of those harms, rendered the warnings or instructions inadequate. TESLA could have provided the warnings or instructions which Plaintiff alleges would have been adequate.

34.    The SUBJECT VEHICLE was not reasonably safe because adequate warnings or instructions were not provided after the SUBJECT VEHICLE was manufactured, even though TESLA

7

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

learned, or where a reasonably prudent manufacturer should have learned, about dangers inherent in its vehicles after it was manufactured. In this case, TESLA was under a duty to act with regard to issuing warnings or instructions concerning the dangers in the manner that a prudent manufacturer would act in the same or similar circumstances. TESLA failed to exercise reasonable care to inform Tesla users that its Model Y was not in a reasonably safe condition.

35. Furthermore, the SUBJECT VEHICLE was unsafe to an extent beyond that which would be contemplated by the ordinary user.

36. Plaintiff was not aware that the subject Model Y was not in a reasonably safe condition.

37. Plaintiff GEBREMEDIHEN, nor anyone acting on his behalf, ever altered, modified, or changed any aspect or component of the SUBJECT VEHICLE's design or manufacture.

38. Based on information and belief, Defendants TESLA and DOES 1 through 50, and each of them, by their divisions, subdivisions, agents, servants, workmen, and/or employees are strictly liable under California law, for one or more of the following reasons:

a. The SUBJECT VEHICLE was not safe for its intended and foreseeable uses;

b. The SUBJECT VEHICLE was insufficiently crashworthy such that its electric door handles could not be operated in the event of a collision and loss of power;

c. The SUBJECT VEHICLE was insufficiently crashworthy such that it was prone to trapping occupants inside the cabin of the SUBJECT VEHICLE in the event of a collision causing power loss;

d. The SUBJECT VEHICLE did not meet or perform to the expectations of end consumers, users, or ordinary consumers;

e. The SUBJECT VEHICLE did not meet or perform to the expectations of reasonable consumers;

f. The risks inherent in the SUBJECT VEHICLE outweighed its benefits, and reasonable alternative designs would, at reasonable cost, have reduced the foreseeable risks of harm posed by the SUBJECT VEHICLE;

///

8

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

g.    The SUBJECT VEHICLE lacked adequate warnings or instructions of the dangers and hazardous and defective condition of the vehicle; and

h.    Defendants misrepresented the safety of the SUBJECT VEHICLE.

39.    By reason of the foregoing, and as a direct and legal result of the defective condition of the SUBJECT VEHICLE described herein, Plaintiff sustained multiple catastrophic physical injuries that were life-threatening.

40.    By reason of the foregoing, and as a direct and legal result of the defective condition of the SUBJECT VEHICLE described herein, Plaintiff has incurred economic damages, including property damage and losses, medical expenses, and loss of income.

41.    By reason of the foregoing, and as a direct and legal result of the defective condition of the SUBJECT VEHICLE described herein, Plaintiff has sustained non-economic damages in a sum in excess of the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(Against all Defendants)**

42.    Plaintiff incorporates by reference each preceding and succeeding paragraphs as though fully set forth at length herein.

43.    At all times relevant herein, Defendants TESLA and DOES 1 through 50, inclusive, owed a duty to foreseeable users of Tesla vehicles and the general public, including Plaintiff, to exercise ordinary care in the design, development, manufacture, testing, engineering, approval, marketing, promotion, assembly, equipping, inspection, repair, labeling, fabrication, advertisement, distribution, wholesale, sale, and/or supply of vehicles, including the SUBJECT VEHICLE and its component parts.

44.    Defendants TESLA and DOES 1 through 50, inclusive, negligently breached said duties and thereby created an unreasonable risk of harm to persons, including Plaintiff.

///

///

9

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

45.     Based on information and belief, Defendants TESLA and DOES 1 through 50, and each of them, by their divisions, subdivisions, agents, servants, workmen, and/or employees negligently breached the aforementioned duties in one or more of the following ways:

a.     Designing, manufacturing, distributing, and selling the SUBJECT VEHICLE in a condition that was not safe for its intended and foreseeable use;

b.     Failing to incorporate reasonable and feasible design safeguards for opening the SUBJECT VEHICLE doors to access occupants from outside the vehicle in the event of a collision and power loss;

c.     Failing to incorporate reasonable and feasible design safeguards to prevent or mitigate occupant entrapment following a collision;

d.     Failing to design, manufacture, distribute, or sell the SUBJECT VEHICLE in a crashworthy condition;

e.     The SUBJECT VEHICLE did not meet or perform to the expectations of end consumers, users, or ordinary consumers;

f.     The risks inherent in the SUBJECT VEHICLE outweighed its benefits, and reasonable alternative designs would, at reasonable cost, have reduced the foreseeable risks of harm posed by the SUBJECT VEHICLE;

g.     Failing to issue adequate warnings or instructions of the dangers and hazardous and defective condition of the SUBJECT VEHICLE; and

h.     Misrepresenting the safety of the SUBJECT VEHICLE.

46.     By reason of the foregoing, and as a direct and legal result of the negligence of Defendants TESLA and DOES 1 through 50, and each of them, along with the defective, unsafe, and unreasonably dangerous condition of the SUBJECT VEHICLE, Plaintiff sustained multiple catastrophic physical injuries that were life-threatening.

47.     By reason of the foregoing, and as a direct and legal result of the negligence of Defendants TESLA and DOES 1 through 50, and each of them, along with the defective, unsafe, and

10

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

unreasonably dangerous condition of the SUBJECT VEHICLE, Plaintiff incurred economic damages, including property damage and losses, medical expenses, and loss of income.

48.    By reason of the foregoing, and as a direct and legal result of the negligence of Defendants TESLA and DOES 1 through 50, and each of them, along with the defective, unsafe, and unreasonably dangerous condition of the SUBJECT VEHICLE, Plaintiff has sustained non-economic damages in a sum in excess of the minimum jurisdictional limits of this Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following and prays for judgment as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For prejudgment and post-judgment interest;

4.    For costs of suit; and

5.    For such other and further relief as may be proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: February 23, 2026                                        LIPPSMITH LLP

By: MaryBeth LippSmith
    MaryBeth LippSmith
    Graham B. LippSmith
    Jaclyn L. Anderson
    Celene Chan Andrews

    **LAW OFFICE OF JONATHAN B. AMBAYE**
    Jonathan B. Ambaye

    Attorneys for Plaintiff

11

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

# FIRST AMENDED SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
2/23/2026 11:32 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Rayon, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA, INC., a Texas corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WONDAFRASH GEBREYES GEBREMEDIHEN, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California,

County of Los Angeles, 825 Maple Ave., Torrance, California 90503

CASE NUMBER:
*(Número del Caso):*

**25TRCV04363**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MaryBeth LippSmith, Esq. – LIPPSMITH LLP, 555 S. Flower Street, Suite 3000, Los Angeles, CA 90071 Tel: (213) 344-1820

DATE:
*(Fecha)* 02/23/2026

Clerk, by David W. Slayton, Executive Officer/Clerk of Court ,Deputy
*(Secretario)* _____ M. Rayon _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Tesla, Inc., a Texas corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Graham B. LippSmith (SBN 221984); MaryBeth LippSmith (SBN 223573)<br>LIPPSMITH LLP - 555 S. Flower Street, Suite 3000, Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 344-1820          FAX NO. : (213) 513-2495<br>EMAIL ADDRESS:  g@lippsmith.com; mb@lippsmith.com<br>ATTORNEY FOR *(Name):*  Plaintiff Wondafrash Gebreyes Gebremedihen | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/23/2025 2:17 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Nava, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: ~~825 Maple Ave~~.
MAILING ADDRESS: ~~825 Maple Ave~~.
CITY AND ZIP CODE: ~~Torrance 90503~~
BRANCH NAME: ~~Torrance Courthouse~~

TORRANCE COURTHOUSE
825 MAPLE AVENUE
TORRANCE, CA 90503

CASE NAME:
Wondafrash Gebreyes Gebremedihen v. Tesla, Inc., et al.

| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited**  [ ] **Limited**<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $35,000)  $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25TRCV04363<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[x] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* Two (2)
5.  This case [ ] is  [x] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 12/23/2025

MaryBeth LippSmith
_____
(TYPE OR PRINT NAME)                    ► *(signature)*  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                      **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/23/2025 2:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wondafrash Gebreyes Gebremedihen v. Tesla, Inc. | 25TRCV04363 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, ④ |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wondafrash Gebreyes Gebremedihen v. Tesla, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wondafrash Gebreyes Gebremedihen v. Tesla, Inc. | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Contract** (Continued) | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wondafrash Gebreyes Gebremedihen v. Tesla, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Wondafrash Gebreyes Gebremedihen v. Tesla, Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>Interstate 405 N/B exit at Inglewood Avenue |
|---|---|

| CITY:<br>Inglewood | STATE:<br>CA | ZIP CODE:<br>90278 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Southwest_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _12/23/2025_

_MaryBeth LippoSmith_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/23/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Nava _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25TRCV04363 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | David K. Reinert | P | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on 12/29/2025
(Date)

By C. Nava _____, Deputy Clerk

LACIV 190 (Rev 6/18)       **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



## Superior Court of California, County of Los Angeles
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

### TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

### ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

### DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

### WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 3000
Los Angeles, California 90071
Tel: (213) 344-1820
Fax: (213) 513-2495

Jonathan B. Ambaye (SBN 289970)
jonathan@jonathanambaye.com
**LAW OFFICE OF JONATHAN B. AMBAYE**
360 E. 2nd Street, Suite 800
Los Angeles, California 90012-4607
Tel: (323) 902-7247

*Attorneys for Plaintiff*

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/23/2025 2:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES – TORRANCE COURTHOUSE

| | |
|---|---|
| WONDAFRASH GEBREYES GEBREMEDIHEN, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>TESLA, INC. dba TESLA MOTORS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>*Defendants.* | Case No. 25TRCV04363<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff WONDAFRASH GEBREYES GEBREMEDIHEN ("Plaintiff"), brings this complaint against TESLA, INC. ("TESLA" or "Defendant"). The allegations contained in this complaint are based on Plaintiff's personal knowledge, due investigation, and, where indicated, upon information and good faith belief.

## PARTIES

1.      Plaintiff is a resident of Los Angeles County, California.

2.      Defendant TESLA, INC. dba TESLA MOTORS, INC. is a Delaware corporation operating in and under the laws of the State of California and conducting business throughout California. Plaintiff alleges that TESLA's principal place of business is in the State of California because its nerve center has always been and remains in the State of California.

3.      TESLA's hardware and software engineering headquarters are located in Palo Alto, California, in Santa Clara County.

4.      Plaintiff is informed and believes, and thereon alleges, that TESLA relocated its headquarters to Texas for tax purposes, but a far greater amount of corporate decision-making and control occurs in California than in Texas. It appears that very little corporate decision-making happens in Texas, other than annual shareholder meetings.

5.      Plaintiff is informed and believes, and thereon alleges, that TESLA manufactured, sold, and warranted the Tesla Model Y in California, including the subject 2025 Tesla Model Y owned by Plaintiff GEBREMEDIHEN (bearing VIN 7SAYGDED9SF276024) involved in this case, and/or TESLA's agents, divisions, or subsidiaries designed, manufactured, and installed all the systems in the Tesla Model Y including all systems responsible for acceleration, braking, steering, collision avoidance, occupant crash protection, and vehicle fire prevention.

6.      Plaintiff is informed and believes, and thereon alleges, that TESLA manufactured the subject 2025 Tesla Model Y with VIN 7SAYGDED9SF276024 at its plant in Fremont, California, and that significant portions of the design and engineering of the subject vehicle, including, but not limited to, its software programming and physical components, were also performed in California.

2

**COMPLAINT AND DEMAND FOR JURY TRIAL**

7.     TESLA has regularly conducted, and continues to conduct, business throughout the United States and the State of California by and through its duly-authorized divisions, subdivisions, agents, servants, and employees and is specifically engaged in the business of designing, engineering, developing, manufacturing, formulating, fabricating, assembling, equipping, testing, inspecting, approving, repairing, labeling, advertising, promoting, marketing, packaging, supplying, warrantying, distributing, wholesaling, and/or selling Tesla vehicles and the component parts of Tesla vehicles, including the subject 2025 Tesla Model Y (bearing, VIN 7SAYGDED9SF276024) which crashed and caused catastrophic injuries to Plaintiff.

8.     At all times alleged herein, TESLA marketed its products through the State of California with an understanding that its products would be used throughout the State of California.

9.     The true names and capacities of Defendants Does 1 through 50 are unknown to Plaintiff. Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained. Each of the Defendants herein was the agent, joint venturer, or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting in the course and scope of said agency, employment, or joint venture with advance knowledge of, acquiescence in, or subsequent ratification of the acts of each and every other remaining defendant. Each of Defendant Does 1 through 50 is responsible, legally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants, or employees, or in some other manner.

**JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. Jurisdiction is conferred on this Court over Defendant because Defendant is a resident of the state of California and/or conducts business in the state of California. Jurisdiction is conferred on this Court as to all causes of action, as they arise under state statutory or common law.

11.     Venue is proper in this Court pursuant to California Code of Civil Procedure § 392 because Plaintiff resides in this County, Defendant resides in this County and/or conducts business in

3

**COMPLAINT AND DEMAND FOR JURY TRIAL**

this County, and because a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this County.

## FACTUAL ALLEGATIONS

12.     On September 26, 2025, at approximately 11:30 a.m., Plaintiff GEBREMEDIHEN was the sole occupant of the subject Tesla Model Y, VIN 7SAYGDED9SF276024, while it was traveling north on the I-405 San Diego Freeway just east of Inglewood Avenue in the City of Lawndale, County of Los Angeles. Plaintiff was driving for the transportation service, Uber, at all times alleged herein.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times alleged herein, the subject Tesla Model Y was operated in significant part by its internal computer system.

14.     The California Highway Patrol reports that the subject Tesla Model Y suddenly traveled through the #1 lane of the Inglewood Avenue exit at a high rate of speed and hit a freeway entrance sign in the concrete median. The Tesla Model Y then continued to cross the intersection of the freeway exit and Inglewood Avenue, to the left of traffic proceeding in the #1 lane, also at a high rate of speed, crashing into another sign and then a concrete wall. The subject Tesla Model Y then immediately burst into flames for a reason unknown at the time of the filing of this complaint.

15.     After the collision, good Samaritans attempted to render aid to Plaintiff, but the driver-side door of the subject Tesla Model Y could not be opened from the outside of the vehicle, trapping Plaintiff inside the burning vehicle. Another passerby was eventually able to smash open the driver-side window, and good Samaritans were able to extricate Plaintiff from the vehicle just prior to when the fire completely engulfed the vehicle.

16.     As a result of the subject collision and being trapped inside the subject Tesla Model Y, Plaintiff suffered catastrophic, life-threatening injuries, some of which are likely to be permanent injuries with lifelong effects.

17.     As a direct result of Defendant's negligent acts and omissions, and in violation of its duties owed to Plaintiff, Defendant proximately and legally caused, or contributed to causing, the severe and substantial injuries he suffered.

///

4

**COMPLAINT AND DEMAND FOR JURY TRIAL**

18.    The Tesla Model Y, including the subject vehicle, has no exterior door handles. The only way to open its doors from the outside is to engage buttons connected to an electrical system, relying entirely on low-voltage power. When that power is lost in a crash or fire, those exterior buttons become useless. And for the Tesla Model Y, the only way to manually open a front door is by a manual door release in front of the window switches on the inside of the vehicle. That door release cannot be utilized by an incapacitated driver or passenger, such as Plaintiff. Would-be rescuers then have no way to open the doors from the outside, potentially trapping occupants inside the vehicles.

19.    Based on information and belief, for more than a dozen years prior to the subject collision, TESLA had repeated and direct notice that its reliance on electronic door systems creates a serious and foreseeable risk of entrapment. Owners, bystanders, and first responders reported instances where Tesla occupants survived vehicle collisions but could not escape when electrical power failed and fire ensued. First responders further reported occasions where they were unable to save occupants because Tesla doors would not open once vehicle power was lost. Despite this knowledge, TESLA continued to design, market, and sell vehicles, including the Model Y, that predictably leave crash survivors trapped in foreseeable collisions.

20.    TESLA's failure to resolve or mitigate the technical and dangerous problems alleged herein was negligent and reckless, and it rendered the subject vehicle unreasonably dangerous and defective. Further, TESLA failed to provide adequate warnings or instructions of the danger posed by the subject vehicle, instead representing that its vehicles are safe.

21.    TESLA warrants that the Model Y is equipped with a rigid body to prevent intrusion into the passenger compartment, and that large, empty spaces at the front and rear operate as crumple zones to soften impacts, allowing advanced airbags to fully inflate and protect occupants.

22.    TESLA further warrants that in the case of damage, its battery packs are designed to spread heat away from the passenger cabin and battery to help prevent fires. TESLA claims that its batteries are designed to isolate a fire to select areas within the battery while venting heat away from the passenger cabin.

///

5

**COMPLAINT AND DEMAND FOR JURY TRIAL**

23.    If properly designed and manufactured, the subject Tesla Model Y and its structural components would have prevented the subject vehicle from catching fire and would not have trapped Plaintiff in the subject vehicle, causing his life-threatening and serious injuries.

### FIRST CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

**(Against all Defendants)**

24.    Plaintiff incorporates by reference each preceding and succeeding paragraphs as though fully set forth at length herein.

25.    Defendants TESLA and DOES 1 through 50, inclusive, designed, manufactured, researched, tested, assembled, installed, marketed, advertised, distributed, and sold a certain 2025 Tesla Model Y, bearing Vehicle Identification Number 7SAYGDED9SF276024 (hereinafter referred to as the "SUBJECT VEHICLE"). Defendants are both the "manufacturer" and "seller" of the SUBJECT VEHICLE.

26.    At the time the SUBJECT VEHICLE left the possession of Defendants TESLA and DOES 1 through 50, and each of them, it was in a defective condition, as that term is understood under California law, and it was unreasonably dangerous when used in a reasonably foreseeable manner. The SUBJECT VEHICLE constituted a defective product rendering Defendants, and each of them, strictly liable in tort.

27.    At all times relevant hereto, Defendants TESLA and DOES 1 through 50, and each of them, were engaged in the business of designing, developing, manufacturing, testing, engineering, approving, marketing, promoting, assembling, equipping, inspecting, repairing, labeling, fabricating, advertising, distributing, wholesaling, selling, and supplying automobiles and component parts of automobiles, including the SUBJECT VEHICLE, for use by the consuming public throughout the United States, including the State of California.

28.    At all times relevant hereto, the dangerous propensities of the SUBJECT VEHICLE were known to Defendants Tesla and DOES 1 through 50, and each of them, or were reasonably and scientifically knowable to them, through appropriate research and testing by known methods, at the time

6

**COMPLAINT AND DEMAND FOR JURY TRIAL**

they designed, developed, manufactured, tested, engineered, approved, marketed, promoted, advertised, distributed, and sold automobiles and component parts of automobiles to the consuming public, but which were not known to end users or consumers.

29.     At all times relevant hereto, Defendants TESLA and DOES 1 through 50, and each of them, knew that the SUBJECT VEHICLE would be operated and inhabited by consumers without inspection for defects.

30.     At the time of the subject collision described above, the SUBJECT VEHICLE was being used in a manner and fashion that was foreseeable by Defendants TESLA and DOES 1 through 50, and each of them, and in a way it was intended to be used.

31.     Defendants TESLA and DOES 1 through 50, and each of them, designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofitted or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the SUBJECT VEHICLE and its component parts and constituents, which was intended by TESLA to be used for the purpose of use as a passenger vehicle, and other related activities.

32.     The SUBJECT VEHICLE, its electronic door handles, and other component parts failed to meet the expectations of a reasonable consumer. Based on the representations of Defendants TESLA and DOES 1 through 50, and each of them, an ordinary consumer would have expected the SUBJECT VEHICLE and the systems and/or components described herein to have appropriately responded or operated to prevent or mitigate the subject collision and/or injuries arising therefrom.

33.     The SUBJECT VEHICLE was not reasonably safe because adequate warnings or instructions were not provided with the vehicle at the time of manufacture and sale. The likelihood that the vehicle would cause the harm described herein or similar harms, and the seriousness of those harms, rendered the warnings or instructions inadequate. TESLA could have provided the warnings or instructions which Plaintiff alleges would have been adequate.

34.     The SUBJECT VEHICLE was not reasonably safe because adequate warnings or instructions were not provided after the SUBJECT VEHICLE was manufactured, even though TESLA

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

learned, or where a reasonably prudent manufacturer should have learned, about dangers inherent in its vehicles after it was manufactured. In this case, TESLA was under a duty to act with regard to issuing warnings or instructions concerning the dangers in the manner that a prudent manufacturer would act in the same or similar circumstances. TESLA failed to exercise reasonable care to inform Tesla users that its Model Y was not in a reasonably safe condition.

35.     Furthermore, the SUBJECT VEHICLE was unsafe to an extent beyond that which would be contemplated by the ordinary user.

36.     Plaintiff was not aware that the subject Model Y was not in a reasonably safe condition.

37.     Plaintiff GEBREMEDIHEN, nor anyone acting on his behalf, ever altered, modified, or changed any aspect or component of the SUBJECT VEHICLE's design or manufacture.

38.     Based on information and belief, Defendants TESLA and DOES 1 through 50, and each of them, by their divisions, subdivisions, agents, servants, workmen, and/or employees are strictly liable under California law, for one or more of the following reasons:

a.     The SUBJECT VEHICLE was not safe for its intended and foreseeable uses;

b.     The SUBJECT VEHICLE was insufficiently crashworthy such that its electric door handles could not be operated in the event of a collision and loss of power;

c.     The SUBJECT VEHICLE was insufficiently crashworthy such that it was prone to trapping occupants inside the cabin of the SUBJECT VEHICLE in the event of a collision causing power loss;

d.     The SUBJECT VEHICLE did not meet or perform to the expectations of end consumers, users, or ordinary consumers;

e.     The SUBJECT VEHICLE did not meet or perform to the expectations of reasonable consumers;

f.     The risks inherent in the SUBJECT VEHICLE outweighed its benefits, and reasonable alternative designs would, at reasonable cost, have reduced the foreseeable risks of harm posed by the SUBJECT VEHICLE;

///

8

**COMPLAINT AND DEMAND FOR JURY TRIAL**

g.      The SUBJECT VEHICLE lacked adequate warnings or instructions of the dangers and hazardous and defective condition of the vehicle; and

h.      Defendants misrepresented the safety of the SUBJECT VEHICLE.

39.      By reason of the foregoing, and as a direct and legal result of the defective condition of the SUBJECT VEHICLE described herein, Plaintiff sustained multiple catastrophic physical injuries that were life-threatening.

40.      By reason of the foregoing, and as a direct and legal result of the defective condition of the SUBJECT VEHICLE described herein, Plaintiff has incurred economic damages, including property damage and losses, medical expenses, and loss of income.

41.      By reason of the foregoing, and as a direct and legal result of the defective condition of the SUBJECT VEHICLE described herein, Plaintiff has sustained non-economic damages in a sum in excess of the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(Against all Defendants)**

42.      Plaintiff incorporates by reference each preceding and succeeding paragraphs as though fully set forth at length herein.

43.      At all times relevant herein, Defendants TESLA and DOES 1 through 50, inclusive, owed a duty to foreseeable users of Tesla vehicles and the general public, including Plaintiff, to exercise ordinary care in the design, development, manufacture, testing, engineering, approval, marketing, promotion, assembly, equipping, inspection, repair, labeling, fabrication, advertisement, distribution, wholesale, sale, and/or supply of vehicles, including the SUBJECT VEHICLE and its component parts.

44.      Defendants TESLA and DOES 1 through 50, inclusive, negligently breached said duties and thereby created an unreasonable risk of harm to persons, including Plaintiff.

///

///

9

**COMPLAINT AND DEMAND FOR JURY TRIAL**

45.     Based on information and belief, Defendants TESLA and DOES 1 through 50, and each of them, by their divisions, subdivisions, agents, servants, workmen, and/or employees negligently breached the aforementioned duties in one or more of the following ways:

a.     Designing, manufacturing, distributing, and selling the SUBJECT VEHICLE in a condition that was not safe for its intended and foreseeable use;

b.     Failing to incorporate reasonable and feasible design safeguards for opening the SUBJECT VEHICLE doors to access occupants from outside the vehicle in the event of a collision and power loss;

c.     Failing to incorporate reasonable and feasible design safeguards to prevent or mitigate occupant entrapment following a collision;

d.     Failing to design, manufacture, distribute, or sell the SUBJECT VEHICLE in a crashworthy condition;

e.     The SUBJECT VEHICLE did not meet or perform to the expectations of end consumers, users, or ordinary consumers;

f.     The risks inherent in the SUBJECT VEHICLE outweighed its benefits, and reasonable alternative designs would, at reasonable cost, have reduced the foreseeable risks of harm posed by the SUBJECT VEHICLE;

g.     Failing to issue adequate warnings or instructions of the dangers and hazardous and defective condition of the SUBJECT VEHICLE; and

h.     Misrepresenting the safety of the SUBJECT VEHICLE.

46.     By reason of the foregoing, and as a direct and legal result of the negligence of Defendants TESLA and DOES 1 through 50, and each of them, along with the defective, unsafe, and unreasonably dangerous condition of the SUBJECT VEHICLE, Plaintiff sustained multiple catastrophic physical injuries that were life-threatening.

47.     By reason of the foregoing, and as a direct and legal result of the negligence of Defendants TESLA and DOES 1 through 50, and each of them, along with the defective, unsafe, and

10

**COMPLAINT AND DEMAND FOR JURY TRIAL**

unreasonably dangerous condition of the SUBJECT VEHICLE, Plaintiff incurred economic damages, including property damage and losses, medical expenses, and loss of income.

48.    By reason of the foregoing, and as a direct and legal result of the negligence of Defendants TESLA and DOES 1 through 50, and each of them, along with the defective, unsafe, and unreasonably dangerous condition of the SUBJECT VEHICLE, Plaintiff has sustained non-economic damages in a sum in excess of the minimum jurisdictional limits of this Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following and prays for judgment as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For prejudgment and post-judgment interest;

4.    For costs of suit; and

5.    For such other and further relief as may be proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: December 23, 2025

**LIPPSMITH LLP**

By: _MaryBeth LippSmith_

MaryBeth LippSmith
Graham B. LippSmith
Jaclyn L. Anderson
Celene Chan Andrews

**LAW OFFICE OF JONATHAN B. AMBAYE**
Jonathan B. Ambaye

Attorneys for Plaintiff

11

**COMPLAINT AND DEMAND FOR JURY TRIAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td><b>FOR COURT USE ONLY</b><br><i>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA, INC. dba TESLA MOTORS, INC., a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WONDAFRASH GEBREYES GEBREMEDIHEN, an individual

**Electronically FILED by Superior Court of California, County of Los Angeles 12/23/2025 2:17 PM David W. Slayton, Executive Officer/Clerk of Court, By C. Nava, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California,

County of Los Angeles, ~~825 Maple Ave., Torrance, California 90503~~

TORRANCE COURTHOUSE
825 MAPLE AVENUE
TORRANCE, CA 90503

CASE NUMBER:
*(Número del Caso):*

**25TRCV04363**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MaryBeth LippSmith, Esq. – LIPPSMITH LLP, 555 S. Flower Street, Suite 3000, Los Angeles, CA 90071  Tel: (213) 344-1820

DATE: 12/23/2025
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* _____ C. Nava _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**
[ Print this form ] [ Save this form ] [ Clear this form ]